1   MAGGY M. ATHANASIOUS, Bar No. 252137
    mathanasious@littler.com
2   LITTLER MENDELSON, P.C.
    2049 Century Park East
3   5th Floor
    Los Angeles, CA  90067.3107
4   Telephone:     310.553.0308
    Facsimile:     310.553.5583
5
    Attorneys for Defendant
6   INTERMEX WIRE TRANSFER, L.L.C.

7

8                   UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10  MYRNA ARIAS, an individual,          | Case No.  15-603

11            Plaintiff,                  | **NOTICE  TO  FEDERAL  COURT  OF
                                          | REMOVAL  OF  CIVIL  ACTION  FROM
12  v.                                    | STATE COURT**

13  INTERMEX   WIRE   TRANSFER,  LLC,  a  | [28 U.S.C. §§ 1332, 1441, 1446]
14  corporation,   and   DOES  1  through  30,
    inclusive,                           | Complaint filed in Kern County
15                                        | Superior Court: May 5, 2015
              Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Notice to Federal Court of Removal

1    TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF

2    CALIFORNIA:

3            PLEASE TAKE NOTICE that Defendant INTERMEX WIRE TRANSFER, L.L.C., hereby

4    removes the above-entitled action from the Superior Court of the State of California, County of

5    Kern, to the United States District Court for the Eastern District of California, Fresno Division,

6    pursuant to 28 U.S.C. sections 1332, 1441(a) and (b)(1), and 1446.  This Notice of Removal is based

7    upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section

8    1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of

9    interest and costs, and the parties are citizens of different states.

10                    **JURISDICTION AND VENUE ARE PROPER**

11           1.      This is a civil action over which this Court has original jurisdiction based on diversity

12   of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court

13   by Intermex pursuant to 28 U.S.C. section 1441(a) and (b)(1), because it is a civil action between

14   citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and

15   costs, as set forth below. 28 U.S.C. sections 1332, 1441(a) and (b)(1), and 1446(b).

16           2.      Plaintiff Myrna Arias filed the action in the Superior Court of California for the

17   County of Kern.  Thus, venue properly lies in the United States District Court for the Eastern District

18   of California, Fresno Division, pursuant to 28 U.S.C. sections 84(b), 1391, and 1446(a) and Eastern

19   District of California Local Rule 120(d).

20                    **STATUS OF PLEADINGS AND PROCESSES**

21           3.      On May 5, 2015, Plaintiff commenced an action by filing a Complaint in the Superior

22   Court of California, County of Kern, entitled *Myrna Arias, an individual v. Intermex Wire Transfer,*

23   *LLC, a corporation, and Does 1 through 30, inclusive*, designated as Case No. S-1500-CV-284763-

24   SPC ("Complaint").

25           4.      The Complaint alleges seven causes of action against Intermex: (1) invasion of

26   privacy, (2) retaliation in violation of California Labor Code section 1102.5, (3) a cause of action

27   under the Private Attorneys General Act ("PAGA") for an alleged violation of Labor Code section

28   1102.5, (4) intentional interference with contract, (5) negligent interference with prospective

Notice to Federal Court of Removal          1.

economic relations, (6) wrongful termination in violation of public policy, and (7) unfair business practices.

5.      Subsequently, on June 16, 2015, prior to service of the Complaint, Plaintiff filed a First Amended Complaint ("FAC").   The FAC asserts the same seven causes of action against Intermex, but it also adds two claims – invasion of privacy in violation of the California Constitution and invasion of privacy in violation of California Penal Code sections 637.2 and 637.7.

6.      On June 19, 2015, Plaintiff served the Amended Summons, First Amended Complaint, Notice of Case Management Conference, Alternative Dispute Resolution Information Packet, Summons, Civil Case Cover Sheet, Complaint, and Notice of Order to Show Cause on Intermex's agent for service of process.   Attached as Exhibit A to the Declaration of Maggy M. Athanasious ("Athanasious Dec."), which is attached hereto as Exhibit 1, are true and correct copies of the foregoing documents that were served on Intermex. (Athanasious Dec. at ¶ 5).

7.      On July 16, 2015, Intermex filed its Answer to the FAC in the Superior Court for the County of Kern.   Attached as Exhibit B to the Declaration of Maggy M. Athanasious is a true and correct copy of the Answer filed by Intermex. (Athanasious Dec. at ¶ 6).

8.      The documents attached as Exhibits A and B to the Athanasious Declaration constitute all of the papers and processes that have been filed or received by Intermex in this action. (Athanasious Dec. at ¶ 7).   Their attachment thereby satisfies the requirements of 28 U.S.C. section 1446(a).

9.      To Intermex's knowledge, no further proceedings have been conducted or scheduled in this action. (Athanasious Dec. at ¶ 7).

10.      Intermex consents to the removal of this action. (Athanasious Dec. at ¶ 8). Defendants Does 1 through 30 are fictitious and, to Intermex's knowledge, have not been served. (*Id.*).   The Complaint and FAC do not set forth the identity or status of any fictitious defendant, nor do they set forth any charging allegations against any of the fictitious defendants.   Because Defendants Does 1 through 30 have not yet been served, they need not join in or consent to this Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)(named defendants not yet served in state court action need not join in the notice of removal).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Notice to Federal Court of Removal                    2.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

11.     Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of removal.  Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names, such as Does 1 through 30, must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

12.     Here, the named parties are completely diverse because, as explained below, Plaintiff is a citizen of California.  On the other hand, Intermex Wire Transfer, L.L.C. is a citizen of Florida and Delaware.

13.     **Plaintiff's Citizenship**:  Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1).  A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986).

14.     At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of California.  In the Complaint and FAC, Plaintiff asserts that she resides in Kern County, California, which is sufficient to establish that she is a California citizen. (Complaint and FAC at ¶ 1); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-520 (10th Cir. 1994)(an allegation of residency by a party in a state court complaint "created a presumption of continuing residence in [that state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 WL 744709, *7 (E.D. Cal. March 18, 2008)(place of residence provides "prima facie" case of domicile).  Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

15.     **Intermex's Citizenship**:  An unincorporated association, such as a partnership, has the citizenships of all of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).  Limited liability companies ("LLCs") and partnerships are treated the same as unincorporated associations for purposes of citizenship. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The Ninth Circuit has held that "LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate traits, however, every circuit

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Notice to Federal Court of Removal                    3.

that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction." *Id.*   Therefore, for purposes of diversity jurisdiction, the Ninth Circuit looks to the citizenship of each of the LLC's members. *Johnson,* 437 F.3d at 899.

16.   The sole member of Intermex Wire Transfer, L.L.C., a Florida limited liability company headquartered in Miami, Florida, is Intermex Holdings, Inc., which is a citizen of Delaware and Florida. (Declaration of Darrell Ebbert at ¶ 2, attached hereto as Exhibit 2; FAC at ¶ 2).

17.   For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18.   The United States Supreme Court has held that a corporation's "principal place of business" is the state where a "corporation's officers direct, control, and coordinate the corporation's activities," *i.e.,* the corporation's "nerve center." *Hertz Corp. v. Friend,* 59 U.S. 77, 130 S. Ct. 1181, 1192 (2010)(adopting the "never center" test for purposes of determining a corporation's principal place of business).   The Supreme Court noted that, in practice, the principal place of business should normally be the place where the corporation maintains its headquarters. *Id.*   In doing so, it explained:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.   It is the place that Courts of Appeals have called the corporation's 'nerve center.'   And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.*

19.   Intermex Holdings, Inc. was, at the time Plaintiff filed her Complaint and FAC, and remains a corporation duly organized and validly existing under and pursuant to the laws of Delaware, and it is headquartered in Miami, Florida. (Ebbert Dec. at ¶ 3).   Intermex Holdings, Inc. performs the majority of its executive and administrative functions at its corporate headquarters

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Notice to Federal Court of Removal          4.

1   located in Miami. (*Id.*). Its headquarters is the place where Intermex Holdings, Inc.'s officers direct,

2   control, and coordinate the corporation's activities. (*Id.*). Hence, Intermex Holdings, Inc., the only

3   member of Intermex Wire Transfer, L.L.C., is a Delaware corporation with a principal place of

4   business located in Florida, and it is, therefore, not a citizen of California.

5       20.    Based on the foregoing, complete diversity is established between Plaintiff and

6   Defendant Intermex Wire Transfer, L.L.C. because Plaintiff is a citizen of California and Intermex –

7   a citizen of Delaware and Florida – is not a citizen of California.

8       **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

9       21.    Intermex vigorously disputes the allegations in the Complaint and FAC.  Intermex

10   denies that it invaded Plaintiff's privacy, retaliated against her, wrongfully discharged her, and

11   interfered in any way with her contractual or economic relationships.  Intermex, therefore, denies

12   that Plaintiff suffered any damages.  Nonetheless, based on the allegations in the Complaint and

13   FAC, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

14       22.    In her FAC (and in the original Complaint), Plaintiff seeks damages exceeding

15   $500,000.  Specifically, Plaintiff alleges that she "suffered and will suffer special damages for lost

16   earnings and wages in an amount not yet fully known, but in excess of $500,000.00." (FAC at ¶¶ 19,

17   36, 46, 61, 72, and 79).

18       23.    In addition, Plaintiff alleges that she "suffered general damages including, but not

19   limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional

20   distress . . ." (FAC at ¶¶ 20, 37, 47, 62, 73, and 80).  This adds to the amount in controversy.

21       24.    Plaintiff also seeks recovery of exemplary and punitive damages, as well as attorneys'

22   fees and injunctive relief, which further add to the amount in controversy. (FAC at ¶¶ 21, 22, 29, 38,

23   39, 40, 48, 49, 54, 63, 74, 81, and 84).

24       25.    Additionally, Plaintiff is pursuing penalties under California Labor Code §§ 2698 and

25   2699. (FAC at ¶ 53 and p. 16).

26       26.    Based on Plaintiff's FAC – which explicitly seeks the recovery of economic damages

27   in excess of $500,000, in addition to various other damages, penalties, and attorneys' fees – it is

28   facially evident from the complaint that the amount in controversy exceeds $75,000, exclusive of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Notice to Federal Court of Removal        5.

1    interest and costs.    The additional categories of damages set forth above push the amount in

2    controversy well beyond a half million dollars. *Conrad Associates v. Hartford Acc. & Indem. Co.,*

3    994 F.Supp.1196, 1198 (N.D. Cal. 1998)("The amount in controversy includes claims for general

4    and special damages (excluding costs and interests), including attorneys fees, if recoverable by

5    statute or contract, and punitive damages, if recoverable as a matter of law").

6        27.    Further, the Ninth Circuit has determined that "[a] settlement letter is relevant

7    evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

8    claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002), *see also, Arellano v. Home Depot*

9    *U.S.A., Inc.*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003)(to determine the amount in controversy,

10   "the court may rely upon a variety of documents, including written settlement demands").    In *Cohn*,

11   the Ninth Circuit concluded that a three sentence settlement letter, in and of itself, was sufficient to

12   establish the requisite amount in controversy. *Cohn*, 281 F.3d at 840.    The Ninth Circuit reached the

13   same conclusion five years later in *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

14       28.    In this case, prior to filing suit, Plaintiff's counsel sent Intermex a demand letter in

15   which she provided a "conservative breakdown" of Intermex's alleged liability, amounting to more

16   than $1 million, exclusive of attorneys' fees and costs. (Athanasious Dec. at ¶ 9, Ex. C at p. 4).    In

17   addition, based on Plaintiff's contention that she earned $7,250.00 per month while employed by

18   Intermex and was terminated on May 5, 2014, her alleged lost wages to date exceed $100,000.

19   (Athanasious Dec. at ¶ 9, Ex. C at p. 2).

20       29.    Accordingly, the amount in controversy far exceeds $75,000, and this action may

21   therefore be removed to this Court pursuant to 28 U.S.C. sections 1332(a) and 1446(c).

22                              **INTERMEX'S REMOVAL IS TIMELY**

23       30.    This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

24   Intermex filed this Notice of Removal within 30 days after being served with and receiving the

25   pleadings from which it could first determine that this case was removable and within one year after

26   commencement of this action as required under 28 U.S.C. section 1446(b).    More specifically,

27   Plaintiff served the Complaint and FAC on Intermex on June 19, 2015, less than 30 days prior to the

28   filing of the Notice of Removal. (Athanasious Dec. at ¶ 5).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Notice to Federal Court of Removal                    6.

## NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

31.   Immediately following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Kern as required by 28 U.S.C. section 1446(d). (Athanasious Dec. at ¶¶ 10-11).  A copy of the Notice to Adverse Party of Removal to Federal Court (without attachments) is attached hereto as Exhibit 3 and the Notice to State Court of Removal of Civil Action to Federal Court (without attachments) is attached hereto as Exhibit 4. (*Id.*).

WHEREFORE, having provided notice as required by law and based on the above, the above-entitled action is hereby removed from the Superior Court of the County of Kern to this honorable District Court.

Dated:     July 16, 2015

/s/  Maggy M. Athanasious
MAGGY M. ATHANASIOUS
LITTLER MENDELSON, P.C.
Attorney for Defendant
INTERMEX WIRE TRANSFER, L.L.C.

Firmwide:134489182.1 078472.1005

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Notice to Federal Court of Removal                    7.

# EXHIBIT 1

1  MAGGY M. ATHANASIOUS, Bar No. 252137
   mathanasious@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA  90067.3107
4  Telephone:    310.553.0308
   Facsimile:    310.553.5583
5
   Attorney for Defendant
6  INTERMEX WIRE TRANSFER, L.L.C.

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10  MYRNA ARIAS, an individual,        | Case No.  15-603

11              Plaintiff,             | **DECLARATION OF MAGGY M.
                                       | ATHANASIOUS IN SUPPORT OF
12  v.                                 | NOTICE TO FEDERAL COURT OF
                                       | REMOVAL OF CIVIL ACTION FROM
13  INTERMEX WIRE TRANSFER, LLC, a     | STATE COURT
    corporation, and DOES 1 through 30,
14  inclusive,

15              Defendants.

16

17          I, Maggy M. Athanasious, declare:

18          1.      I am an attorney with the law firm of Littler Mendelson, a Professional Corporation,

19  attorneys for Defendant Intermex Wire Transfer, L.L.C. in the above-entitled matter.  I am duly

20  licensed to practice law in the State of California and before the United States District Court for the

21  Eastern District of California, and I am one of the attorneys responsible for representing Intermex in

22  this action.  I have personal knowledge of the following facts, and if called to testify, I could and

23  would testify competently to the truth of such matters.  I make this declaration in support of

24  Intermex's Notice to Federal Court of Removal of Civil Action from State Court ("Notice of

25  Removal").

26          2.      On May 5, 2015, Plaintiff commenced an action by filing a Complaint in the Superior

27  Court of California, County of Kern, entitled *Myrna Arias, an individual v. Intermex Wire Transfer,*

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DECLARATION OF MAGGY
ATHANASIOUS ISO REMOVAL                    1.

1    *LLC, a corporation, and Does 1 through 30, inclusive*, designated as Case No. S-1500-CV-284763-

2    SPC ( "Complaint").

3        3.      The Complaint alleges seven causes of action against Intermex: (1) invasion of

4    privacy, (2) retaliation in violation of California Labor Code section 1102.5, (3) a cause of action

5    under the Private Attorneys General Act ("PAGA") for an alleged violation of Labor Code section

6    1102.5, (4) intentional interference with contract, (5) negligent interference with prospective

7    economic relations, (6) wrongful termination in violation of public policy, and (7) unfair business

8    practices.

9        4.      Subsequently, on June 16, 2015, prior to service of the Complaint, Plaintiff filed a

10    First Amended Complaint ("FAC"). The FAC asserts the same seven causes of action against

11    Intermex, but it also adds two claims – invasion of privacy in violation of the California Constitution

12    and invasion of privacy in violation of California Penal Code sections 637.2 and 637.7.

13        5.      On June 19, 2015, Plaintiff served the Amended Summons, First Amended

14    Complaint, Notice of Case Management Conference, Alternative Dispute Resolution Information

15    Packet, Summons, Civil Case Cover Sheet, Complaint, and Notice of Order to Show Cause on

16    Intermex's agent for service of process. True and correct copies of the foregoing documents that

17    were served on Intermex are attached hereto as Exhibit A.

18        6.      On July 16, 2015, Intermex filed its answer to the FAC in the Superior Court for the

19    County of Kern. A true and correct copy of that answer is attached hereto as Exhibit B.

20        7.      The documents attached hereto as Exhibits A and B constitute all of the papers and

21    processes that have been filed or received by Intermex in this action. To Intermex's knowledge and

22    my knowledge, no further proceedings have been conducted or scheduled in this action.

23        8.      Intermex consents to the removal of this action. Defendants Does 1 through 30 are

24    fictitious and, to Intermex's knowledge and my knowledge, have not been served.

25        9.      Prior to filing suit, Ms. Arias' counsel sent Intermex a demand letter in which she

26    provided a "conservative breakdown" of Intermex's alleged liability, amounting to more than $1

27    million, exclusive of attorneys' fees and costs. A true and correct copy of that letter is attached

28    hereto as Exhibit C.

DECLARATION OF MAGGY
ATHANASIOUS ISO REMOVAL        2.

10.    On July 17, 2015, I arranged for service and filing of a Notice to Adverse Party of Removal to Federal Court.  A true and correct copy of this document, without attachments, is attached to the Notice of Removal as Exhibit 3.

11.    On July 17, 2015, I also arranged for service and filing a Notice to State Court of Removal of Civil Action to Federal Court, together with a copy of the Notice to Federal Court of Removal of Civil Action from State Court, with the Clerk of the Superior Court of the State of California for the County of Kern.  A true and correct copy of this document, without attachments, is attached to the Notice of Removal as Exhibit 4.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 16th day of July, 2015, at Los Angeles, California.


MAGGY M. ATHANASIOUS

Firmwide:134491657.1 078472.1005

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DECLARATION OF MAGGY
ATHANASIOUS ISO REMOVAL

3.

# EXHIBIT A

# AMENDED
SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Intermex Wire Transfer, LLC, a corporation, and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Myrna Arias, an individual,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
JUN 1 6 2015
SUPERIOR COURT
METROPOLITAN DIVISION

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court, State of California | CASE NUMBER: *(Número del Caso):* S-1500-CV-284763 SPC |
|---|---|

County of Kern, Metropolitan Division
1415 Truxtun Avenue, Bakersfield, California 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Intermex WireTransfer, LLC, a corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | Page 1 of 1 |
|---|---|

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)



FILED BY FAX

1  ALEXANDER KRAKOW + GLICK LLP
   Gail A. Glick (State Bar No. 174293)
2  Brett C. Beeler (State Bar No. 287749)
   401 Wilshire Boulevard, Suite 1000
3  Santa Monica, California 90401
   T: 310 394 0888 | F: 310 394 0811
4  E: gglick@akgllp.com | bbeeler@akgllp.com

5
   Attorneys for Plaintiff
6  MYRNA ARIAS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF KERN

10

11  MYRNA ARIAS, an individual,          Case No. S-1500-CV-284763 SPC

12           Plaintiff,                   Assigned for all Purposes to the
                                          Honorable Sidney P. Chapin, Dep't 4
13     vs.
                                          Date Filed: May 5, 2015
14  INTERMEX WIRE TRANSFER, LLC, a        Trial Date:  Not Set
    corporation, and DOES 1 through 30,
15  inclusive,                            FIRST AMENDED COMPLAINT FOR
                                          DAMAGES:
16           Defendants.
                                          1) INVASION OF PRIVACY - INTRUSION
17                                           INTO PRIVATE AFFAIRS;
                                          2) INVASION OF PRIVACY IN VIOLATION
18                                           OF CAL. CONSTITUTION, ART. I, § 1;
                                          3) INVASION OF PRIVACY IN VIOLATION
19                                           OF CAL. PENAL CODE §§ 637.2 and
                                             637.7;
20                                        4) RETALIATION IN VIOLATION OF
                                             LABOR CODE § 1102.5;
21                                        5) PAGA - VIOLATION OF LABOR CODE
                                             § 1102.5 (Cal. Lab. Code § 2698, et seq.);
22                                        6) INTENTIONAL INTERFERENCE WITH
                                             CONTRACT;
23                                        7) NEGLIGENT INTERFERENCE WITH
                                             PROSPECTIVE ECONOMIC
24                                           RELATIONS;
                                          8) WRONGFUL TERMINATION IN
25                                           VIOLATION OF PUBLIC POLICY; and
                                          9) UNFAIR BUSINESS PRACTICES IN
26                                           VIOLATION OF BUSINESS &
                                             PROFESSIONS CODE § 17200
27
                                          JURY TRIAL DEMANDED
28
    _____
          FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                                      FILED BY FAX

1  Plaintiff MYRNA ARIAS, an individual, alleges:

2  **PARTIES AND JURISDICTION**

3      1.      Plaintiff MYRNA ARIAS ("Plaintiff" or "Arias") is, and at all relevant

4  times mentioned was, an individual residing in the State of California, County of Kern.

5  She was employed by the Defendants from approximately February 10, 2014 May 5,

6  2014, as a Sales Executive, Account Manager in Bakersfield.

7      2.      Plaintiff is informed and believes and based thereon alleges that

8  Defendant INTERMEX WIRE TRANSFER, LLC ("Defendant" or "Intermex") is, and at all

9  times mentioned was, a Florida corporation, doing business in the State of California,

10  Counties of Kern, Los Angeles, San Bernardino, and Riverside.

11      3.      Plaintiff does not know the true names or capacities of the

12  Defendants sued as DOES 1 through 15, inclusive, and by reason thereof sues these

13  Defendants under such fictitious names. When their true names and capacities have

14  been ascertained, Plaintiff will amend this Complaint to reflect the same. Plaintiff is

15  informed and believes and based thereon alleges that such fictitiously named Defendants

16  were the agents, servants, and employees of each of the named Defendants and, in

17  doing the acts and things hereinafter alleged, were at all times acting within the course

18  and scope of said agency, servitude, and employment and with the permission, consent,

19  and approval, or subsequent ratification, of each of the named Defendants. Plaintiff

20  further alleges that Defendants constituted an "integrated enterprise" and "integrated

21  employers" with interrelated operations, common management, centralized control of

22  labor relations, and common ownership and/or financial control. Plaintiff also alleges that

23  the Defendants were, at all times relevant hereto, the alter egos of each other, and/or the

24  agents of each other. Whenever reference is made to Defendants, it is intended to

25  include all of the named Defendants as well as the DOE Defendants. Each of the

26  fictitiously named DOE Defendants is responsible in some manner for the occurrences

27  alleged and proximately caused Plaintiff's damages.

28

2

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

4.          Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified that conduct.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

5.          Intermex hired Plaintiff Myrna Arias as a Sales Executive, Account Manager on February 10, 2014 in Bakersfield. John Stubits, Regional Vice President of Sales, recruited Plaintiff to join Intermex while she was working for NetSpend Corporation ("NetSpend"), where she had been employed for over five years. Stubits was aware of the high quality of Plaintiff's work from their time working together at NetSpend.

6.          As a condition of accepting employment with Intermex, Plaintiff asked to be allowed to continue working at NetSpend for at least three months during the waiting period to become eligible for Intermex's medical insurance benefit. Mr. Stubits, Plaintiff's supervisor at Intermex, granted permission for Plaintiff to continue working for NetSpend so that she could continue to receive medical benefits from Netspend. Plaintiff told Stubits that she was having health issues -- she was suffering from a disabling Vitamin B12 deficiency, for which she was in the process of undergoing significant medical treatment under a physicians' supervision.

7.          Plaintiff did an excellent job at Intermex. She met her quotas and received no discipline during her employment. Plaintiff earned approximately $7,250 per month, including commission, at Intermex.

8.          In April 2014, Intermex required Plaintiff and other employees to download an application ("app") called Xora to their smart phones. Xora contained a global positioning system ("GPS") function which tracked the exact location of the person possessing the smart phones on which it was installed. After researching the app and speaking with a trainer from Xora, Plaintiff and her co-workers asked whether Intermex would be monitoring their movements while off duty. Stubits admitted that employees

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  would be monitored while off duty and bragged that he knew how fast she was driving at
2  specific moments ever since she had installed the app on her phone.

3    9.    Plaintiff objected to the device.  Plaintiff expressed that she had no
4  problem with the app's GPS function during work hours, but she objected to the
5  monitoring of her location during non-work hours.  Plaintiff complained to Stubits that
6  requiring use of the device during non-work time was illegal and an invasion of her
7  privacy.  She likened the app to a prisoner's ankle bracelet and informed Stubits that his
8  actions were illegal.  Stubits replied that she should tolerate the illegal intrusion because
9  Intermex was paying Plaintiff more than NetSpend.  Further, he confirmed that she was
10  required to keep her phone's power on "24/7" to answer phone calls from clients.

11    10.    Plaintiff de-installed the app in late April 2014 in order to protect her
12  privacy.  Stubits scolded Plaintiff for de-installing the app.

13    11.    On May 5, 2014, within just a few weeks of Plaintiff's objection to the
14  use of the Xora app on privacy grounds, Intermex fired Plaintiff.

15    12.    To add insult to injury, Plaintiff is informed and believes that after
16  Intermex terminated Plaintiff, and as an act of punishment and retribution, Robert Lisy,
17  Intermex's President and CEO, telephoned John Nelson, Vice President of NetSpend,
18  and informed Nelson that Plaintiff had been disloyal to NetSpend and was employed by
19  Intermex.  As a result of Lisy's intentional and malicious interference with Plaintiff's
20  contract with NetSpend, NetSpend fired Plaintiff promptly.  NetSpend specifically cited
21  Lisy's phone call as the reason for the decision to terminate Plaintiff.

22    **FIRST CAUSE OF ACTION**
23    (Invasion of Privacy - Intrusion Into Private Affairs –
24    Against All Defendants and Does 1-10)
25    13.    Plaintiff hereby incorporates by reference each and every allegation
26  contained in the paragraphs above, inclusive as though fully set forth here.

27

28
4

14.     Plaintiff's whereabouts and conduct while off duty, was private and highly confidential.   A reasonable person would have an interest in maintaining the confidentiality of such information.

15.     Plaintiff had a reasonable expectation of privacy in her own conduct and whereabouts while off duty.

16.     Defendant's Regional Vice President of Sales, John Stubits, intentionally intruded on Plaintiff's privacy when he monitored Plaintiff's driving behavior and whereabouts on weekends.   Plaintiff is unsure to what extent other managers and co-workers intentionally intruded on her privacy.

17.     This intrusion would be highly offensive to a reasonable person.

18.     Plaintiff was harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

19.     **Economic damages.**   As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $500,000.00.

20.     **Non-economic damages.**   As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

21.     **Exemplary and punitive damages.**   Defendants, by their conduct as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of his rights.   Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood.   Defendants abused that position of trust by maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally interfering with her contract with NetSpend.   Defendants' conduct was carried out by and

1 | ratified by one or more of Defendants' managing agents, and it was willful and oppressive
2 | and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive
3 | damages in an amount to be proven at trial.

4 |      22.      **Attorney Fees.** Plaintiff is entitled to recover reasonable costs and
5 | attorney fees incurred in bringing this action pursuant to section 1021.5 of the California
6 | Code of Civil Procedure.

7 |                            **SECOND CAUSE OF ACTION**
8 |        (Invasion of Privacy - California Constitution, Article I, Section 1 -
9 |                         Against All Defendants and Does 1-10)

10 |      23.      Plaintiff hereby incorporates by reference each and every allegation
11 | contained in the paragraphs above, inclusive as though fully set forth here.

12 |      24.      Plaintiff's whereabouts and conduct while off duty, was private and
13 | highly confidential.   A reasonable person would have an interest in maintaining the
14 | confidentiality of such information.

15 |      25.      Plaintiff had a reasonable expectation of privacy in her own conduct
16 | and whereabouts while off duty.

17 |      26.      Defendant's Regional Vice President of Sales, John Stubits,
18 | intentionally intruded on Plaintiff's privacy when he monitored Plaintiff's driving behavior
19 | and whereabouts on weekends.   Plaintiff is unsure to what extent other managers and
20 | co-workers intentionally intruded on her privacy.

21 |      27.      This intrusion would be highly offensive to a reasonable person.

22 |      28.      Plaintiff was harmed as a result of the conduct of Defendants, and
23 | the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

24 |      29.      **Attorney Fees.** Plaintiff is entitled to recover reasonable costs and
25 | attorney fees incurred in bringing this action pursuant to section 1021.5 of the California
26 | Code of Civil Procedure.

27 |
28 |

6

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### THIRD CAUSE OF ACTION

(Invasion of Privacy - Cal. Penal Code Sections 637.2 and 637.7 -

Against All Defendants and Does 1-15)

30.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

31.     Section 637.7 of the California Penal Code disallows any person or entity in this state to use an electronic tracking device to determine the location or movement of a person.

32.     Defendants insisted on using an electronic tracking device to determine the location or movement of Plaintiff.

33.     Section 637.2 of the California Penal Code provides that any person who has been injured by a violation of any of the sections of the Penal Code's Invasion of Privacy Chapter 1.5 may bring a civil action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) or (2) Three times the amount of Plaintiff's actual damages. Plaintiff seeks these remedies.

34.     Section 637.2 of the California Penal Code also provides that Plaintiff may bring an action to enjoy and restrain the Defendants' violation of the Penal Code's Invasion of Privacy Chapter 1.5, and that it is not a necessary prerequisite to an action under section 637.2 that Plaintiff has suffered actual damages.

35.     Plaintiff suffered damage -- lost income and emotional distress -- in that Defendant fired from her job as a result of the Defendants' insistence on violating section 637.7 of the California Penal Code, i.e., requiring Plaintiff to keep a GPS tracking device on her person while at work and without Plaintiff's consent.  Plaintiff was harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

36.     **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special

7

1  damages for lost earnings and wages in an amount not yet fully known, but in excess of

2  $500,000.00.

3       37.  **Non-economic damages.** As a direct and legal result of the

4  conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general

5  damages including, but not limited to, damage to her reputation, pain and suffering,

6  humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

7       38.  **Exemplary and punitive damages.** Defendants, by their conduct

8  as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and

9  unjust hardship, with the intention to cause injury to Plaintiff, and with conscious

10  disregard of his rights. Defendants occupied a position of trust which gave them power to

11  damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by

12  maliciously, fraudulently, and oppressively discharging Plaintiff in violation of the law and

13  intentionally interfering with her contract with NetSpend. Defendants' conduct was

14  carried out by and ratified by one or more of Defendants' managing agents, and it was

15  willful and oppressive and done in conscious disregard of her rights. Plaintiff is therefore

16  entitled to punitive damages in an amount to be proven at trial.

17       39.  **Injunctive Relief.** In the absence of injunctive equitable relief,

18  Plaintiff and her former co-workers will suffer irreparable injury, which cannot readily be

19  remedied by actual damage remedies. Plaintiff seeks preliminary and permanent

20  injunctive relief against Defendants, including, but not limited to, an order that prohibits

21  Defendants from monitoring their employees by GPS in violation of their rights of privacy.

22       40.  **Attorney Fees.** Plaintiff is entitled to recover reasonable costs and

23  attorney fees incurred in bringing this action pursuant to section 1021.5 of the California

24  Code of Civil Procedure.

25  ///

26  ///

27  ///

28

**FOURTH CAUSE OF ACTION**

(Retaliation in Violation of Labor Code section 1102.5 –

Against All Defendants and Does 1-20)

41.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

42.     Plaintiff complained to Defendants that Defendants were violating her co-workers' and her rights of privacy by requiring them to download the GPS tracking device -- Xora application -- to their smart phones and intruding into their private affairs in violation of Article I, section 1 of the California Constitution (right of privacy), section 637.7 of the Penal Code (prohibiting the use of GPS to track another person), section 17200 of the California Business and Professions Code (prohibiting employers from engaging in unfair business practices), and California common law.

43.     Plaintiff opposed Defendants' insistence that she keep her telephone with the tracking application with the power on at all times because it improperly invaded her co-workers' and her rights of privacy. Plaintiff voiced to Defendants that she believed this was akin to monitoring her like a criminal. Plaintiff spoke with her co-workers about her opposition to the requirement that the workers use the application after work hours.

44.     By their conduct as set forth above, Defendants retaliated against and terminated Plaintiff for complaining about, protesting with her co-workers, and refusing to participate in activity that would have resulted in a violation of her rights and state or federal constitutions and statutes, including the California Constitution, Article I, section 1, section 637.7 of the Penal Code, and section 17200 of the California Business and Professions Code in violation of California Labor Code § 1102.5(b) and (c).

45.     Plaintiff was harmed by Defendants' conduct, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

46.     **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special

9

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   damages for lost earnings and wages in an amount not yet fully known, but in excess of
2   $500,000.00.

3         47.     **Non-economic damages.** As a direct and legal result of the
4   conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general
5   damages including, but not limited to, damage to her reputation, pain and suffering,
6   humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

7         48.     **Exemplary and punitive damages.** Defendants, by their conduct
8   as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and
9   unjust hardship, with the intention to cause injury to Plaintiff, and with conscious
10   disregard of his rights. Defendants occupied a position of trust which gave them power to
11   damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by
12   maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally
13   interfering with her contract with NetSpend. Defendants' conduct was carried out by and
14   ratified by one or more of Defendants' managing agents, and it was willful and oppressive
15   and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive
16   damages in an amount to be proven at trial.

17         49.     **Attorney Fees.** Plaintiff is entitled to recover reasonable costs and
18   attorney fees incurred in bringing this action pursuant to section 1021.5 of the California
19   Code of Civil Procedure.

20                              **FIFTH CAUSE OF ACTION**
21                            Private Attorney General Act
22               (Violation of California Labor Code § 1102.5 –
23                  Against All Defendants and Does 1-30)

24         50.     Plaintiff hereby incorporates by reference each and every allegation
25   contained in the paragraphs above, inclusive as though fully set forth here.

26         51.     Plaintiff, individually and on behalf of the general public, alleges that
27   on or about May 5, 2015, she provided written notice to the Labor and Workforce

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Development Agency ("LWDA") and Defendants of the specific violations of the California Labor Code Defendants have violated and continue to violate.

52.    Pursuant to Labor Code section 2699.3(a)(2)(A), if no response is received from the LWDA within 33 days of the postmarked date of the May 5, 2015 letter, or if the LWDA declines to investigate the matter, Plaintiff has exhausted all administrative procedures required of him under Labor Code §§ 2698, 2699 and 2699.3, and, as a result, is justified as a matter of right in bringing forward this cause of action. More than 33 days have passed since May 5, 2015, and the LWDA has not informed Plaintiff or her counsel that it intends to investigate her claims under the Labor Code.

53.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code §§ 2698 and 2699 because of Defendants' violations of the provisions of the California Labor Code set forth in this Complaint.

54.    Pursuant to California Labor Code § 2699, Plaintiff should be awarded twenty-five percent (25%) of all penalties due under California law, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

(Intentional Interference with Contract –

Against All Defendants and Does 1-25)

55.    Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

56.    There was a contract of employment between Plaintiff and NetSpend.

57.    Defendant Intermex knew that Plaintiff was employed with NetSpend.

58.    Defendant's conduct interfered with Plaintiff's contract with NetSpend by informing NetSpend that Plaintiff was disloyal and that she was employed with

11

1  Defendant Intermex. Defendant's conduct prevented performance of the contract that

2  Plaintiff had with NetSpend.

3      59.      Defendant intended to disrupt the performance of this contract or

4  knew that disruption of performance was certain or substantially certain to occur.

5      60.      Plaintiff was harmed, and Defendants' conduct was a substantial

6  factor in causing Plaintiff's harm.

7      61.      **Economic damages.** As a direct and legal result of the conduct of

8  Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special

9  damages for lost earnings and wages in an amount not yet fully known, but in excess of

10 $500,000.00.

11     62.      **Non-economic damages.** As a direct and legal result of the

12 conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general

13 damages including, but not limited to, damage to her reputation, pain and suffering,

14 humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

15     63.      **Exemplary and punitive damages.** Defendants, by their conduct

16 as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and

17 unjust hardship, with the intention to cause injury to Plaintiff, and with conscious

18 disregard of his rights. Defendants occupied a position of trust which gave them power to

19 damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by

20 maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally

21 interfering with her contract with NetSpend. Defendants' conduct was carried out by and

22 ratified by one or more of Defendants' managing agents, and it was willful and oppressive

23 and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive

24 damages in an amount to be proven at trial.

25 ///

26 ///

27 ///

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SEVENTH CAUSE OF ACTION

### (Negligent Interference with Prospective Economic Relations –

### Against All Defendants and Does 1-30)

64.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

65.     Plaintiff and NetSpend were in an economic relationship that probably would have resulted in a future economic benefit to Plaintiff.

66.     Defendant Intermex knew or should have known of this relationship.

67.     Defendant knew or should have known that this relationship would be disrupted if it failed to act with reasonable care.

68.     Defendant failed to act with reasonable care.

69.     Defendant engaged in wrongful, fraudulent and defamatory conduct towards Plaintiff by telling her that she was allowed to work for Intermex and NetSpend at the same time and asserting to NetSpend that she was disloyal to NetSpend and that she was employed by Intermex.

70.     Plaintiff's relationship with NetSpend was disrupted as a direct result of Defendant's conduct - NetSpend terminated Plaintiff's employment relationship with NetSpend.

71.     Plaintiff was harmed, and Defendant's wrongful conduct was a substantial factor in causing Plaintiff's harm.

72.     **Economic damages.**  As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in excess of $500,000.00.

73.     **Non-economic damages.**  As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial,

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

74.     **Exemplary and punitive damages.**  Defendants, by their conduct as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of his rights.  Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood.  Defendants abused that position of trust by maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally interfering with her contract with NetSpend.  Defendants' conduct was carried out by and ratified by one or more of Defendants' managing agents, and it was willful and oppressive and done in conscious disregard of her rights.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy –

Against All Defendants and Does 1-30)

75.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

76.     Plaintiff's termination was in violation of fundamental, basic, and substantial public policies of the State of California, including, but not limited to, section 1102.5 of the California Labor Code, section 17200 of the Business and Professions Code, Article I, section 1 of the California Constitution, and section 637.7 of the California Penal Code.

77.     Defendant fired Plaintiff for refusing to abide its requirement that she and her co-workers allow Defendant to monitor their off duty conduct and whereabouts in violation of their rights of privacy.

78.     Plaintiff was harmed as a result of Defendants' conduct, and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

79.     **Economic damages.**  As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special

14

1   damages for lost earnings and wages in an amount not yet fully known, but in excess of

2   $500,000.00.

3       80.    **Non-economic damages.** As a direct and legal result of the

4   conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general

5   damages including, but not limited to, damage to her reputation, pain and suffering,

6   humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

7       81.    **Exemplary and punitive damages.** Defendants, by their conduct

8   as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and

9   unjust hardship, with the intention to cause injury to Plaintiff, and with conscious

10  disregard of his rights. Defendants occupied a position of trust which gave them power to

11  damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by

12  maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally

13  interfering with her contract with NetSpend. Defendants' conduct was carried out by and

14  ratified by one or more of Defendants' managing agents, and it was willful and oppressive

15  and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive

16  damages in an amount to be proven at trial.

17              **NINTH CAUSE OF ACTION**

18          (Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200 -

19              Against All Defendants and Does 1-30)

20      82.    Plaintiff hereby incorporates by reference each and every allegation

21  contained in the paragraphs above, inclusive as though fully set forth here.

22      83.    Defendants engaged in illegal, unfair business practices in violation

23  of Plaintiff's and her co-workers' rights, as alleged above.

24      84.    As a result of Defendants' unfair business practices, Defendants

25  have reaped unfair benefits and illegal profits at the expense of Plaintiff and her former

26  co-workers. Defendants should be required to restore these monies to Plaintiff and her

27  former co-workers. In the absence of injunctive equitable relief, Plaintiff and her former

28

15

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  co-workers will suffer irreparable injury, which cannot readily be remedied by damage
2  remedies. Plaintiff seeks preliminary and permanent injunctive relief against Defendants,
3  including, but not limited to, an order that prohibits Defendants from monitoring their
4  employees' off duty whereabouts and conduct in violation of their rights of privacy.
5
6  　　　WHEREFORE, Plaintiff prays for judgment as follows:
7  　　　1.　　　For reasonable attorney's fees and costs pursuant to section 1021.5
8  of the California Code of Civil Procedure and the Labor Code and PAGA, section 2699(g)
9  of the California Labor Code;
10  　　　2.　　　For injunctive relief;
11  　　　3.　　　For statutory penalties and damages pursuant to section 637.2 and
12  637.7 of the California Penal Code;
13  　　　4.　　　For general and special damages, according to proof, with interest
14  thereon at the maximum legal rate from and after April, 2014;
15  　　　5.　　　For punitive damages;
16  　　　6.　　　For costs of suit incurred by Plaintiff; and
17  　　　7.　　　For such other and further relief as the Court may deem just and
18  proper.
19
20  DATED: June 15, 2015　　　　　ALEXANDER KRAKOW + GLICK LLP
21
22
23  Gail A. Glick
　　Brett C. Beeler
24  Attorneys for Plaintiff
　　MYRNA ARIAS
25
26
27
28
　　　　　　　　　　　　　16

**DEMAND FOR JURY TRIAL**

Plaintiff continues to demand trial by jury.

DATED:  June 15, 2015                    ALEXANDER KRAKOW + GLICK LLP

Gail A. Glick
Brett C. Beeler
Attorneys for Plaintiff
MYRNA ARIAS

17

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  ALEXANDER KRAKOW + GLICK LLP
   Gail A. Glick (State Bar No. 174293)
2  Brett C. Beeler (State Bar No. 287749)
   401 Wilshire Boulevard, Suite 1000
3  Santa Monica, California 90401
   T: 310 394 0888 | F: 310 394 0811
4  E: gglick@akgllp.com | bbeeler@akgllp.com

5
   Attorneys for Plaintiff
6  MYRNA ARIAS

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF KERN

10

11  MYRNA ARIAS, an individual,          ) Case No. S-1500-CV-284763 SPC
                                          )
12          Plaintiff,                    ) Case Filed: May 5, 2015
                                          )
13      vs.                               ) Assigned for all Purposes to the
                                          ) Honorable Sidney P. Chapin, Dep't 4
14  INTERMEX WIRE TRANSFER, LLC, a        )
    corporation, and DOES 1 through 30,   ) NOTICE OF CASE MANAGEMENT
15  inclusive,                            ) CONFERENCE AND ASSIGNMENT TO
                                          ) JUDGE CHAPIN
16          Defendants.                   )
                                          ) DATE: January 27, 2016
17                                        ) TIME: 8:00 a.m.
                                          ) DEPT: 4
18  _____  )

19  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that the initial Case Management Conference ("CMC")

21  will take place on January 27, 2016 at 8:00 a.m. in Department 4 of the Kern County

22  Superior Court, and the case is assigned to Judge Sidney Chapin.

23

24  DATED:  June 16, 2015             ALEXANDER KRAKOW + GLICK LLP

25

26                                    _____
                                      Gail A. Glick
27                                    Attorneys for Plaintiff
                                      MYRNA ARIAS
28

_____
                 NOTICE OF CASE MANAGEMENT CONFERENCE

1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKET

Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages:  Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages:  May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
Mediation:  A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute.  The mediator does not decide the outcome, but helps the parties to do so.  Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences:  A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement.  The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement.  Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation:  The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute.  The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case.  Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement.  Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

2

Arbitration:  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local ADR Programs
The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at **www.kern.courts.ca.gov/home.**

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation on services in small claims and unlawful detainer, civil harassment, family law and probate matters, and through the Victim Offender Reconciliation Program (VORP) in juvenile court proceeding.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services contact **www.bbbmediation.org.**

## ADR Coordinator:
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5433.

## Resources:
California Department of Consumer Affairs:  **www.dca.ca.gov/consumer/mediation_guides**
Judicial Branch California Courts – ADR: **www.courts.ca.gov/selfhep-adr**
ADR Stipulation and Order Form:
**www.kern.courts.ca.gov/pdf/ADR/ADRStipulationOrderForm.pdf**

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100



ENDORSED
FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

MAY – 6 2015

TERRY McNALLY, CLERK
BY_____ DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Intermex Wire Transfer, LLC, a corporation, and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Myrna Arias, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Superior Court, State of California<br>County of Kern, Metropolitan Division<br>1415 Truxtun Avenue, Bakersfield, California 93301 | CASE NUMBER:<br>(Número del Caso):<br>S-1500-CV-284763  SPC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

VANESA JACKSON

| | | | |
|---|---|---|---|
| DATE: MAY   6 2015<br>(Fecha) | TERRY McNALLY<br>CLERK | Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gail A. Glick (State Bar No. 174293)<br>ALEXANDER KRAKOW + GLICK LLP<br>401 Wilshire Boulevard, Suite 1000<br>Santa Monica, California 90401<br>TELEPHONE NO.: (310) 394-0888    FAX NO.: (310) 394-0811<br>ATTORNEY FOR (Name): Plaintiff Myrna Arias | **ENDORSE** |

ENDORSED
**FILED**
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

MAY   5 2015

TERRY McNALLY, CLERK
BY_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **KERN**
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, California 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
Myrna Arias v. Intermex Wire Transfer, LLC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **S-1500-CV-284763   SPC** |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 7: Invasion of privacy; Retaliation; PAGA; Wrongful Termination, etc.
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: May 5, 2015

Gail A. Glick
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

MAY 0 5 2015

1  ALEXANDER KRAKOW + GLICK LLP
   Gail A. Glick (State Bar No. 174293)
2  Brett C. Beeler (State Bar No. 287749)
3  401 Wilshire Boulevard, Suite 1000
   Santa Monica, California 90401
4  T: 310 394 0888 | F: 310 394 0811
   E: gglick@akglip.com | bbeeler@akglip.com
5
   Attorneys for Plaintiff
6  MYRNA ARIAS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF BAKERSFIELD

10

| | |
|---|---|
| 11  MYRNA ARIAS, an individual, | ) Case No. |
| 12              Plaintiff, | ) COMPLAINT FOR DAMAGES: |
| 13      vs. | ) 1) INVASION OF PRIVACY - INTRUSION<br>) INTO PRIVATE AFFAIRS; |
| 14  INTERMEX WIRE TRANSFER, LLC, a<br>corporation, and DOES 1 through 30, | ) 2) RETALIATION IN VIOLATION OF<br>) LABOR CODE §1102.5; |
| 15  inclusive, | ) 3) PAGA - VIOLATION OF LABOR CODE<br>) § 1102.5 (Cal. Lab. Code §2698, et seq.); |
| 16              Defendants. | ) 4) INTENTIONAL INTERFERENCE WITH<br>) CONTRACT; |
| 17  | ) 5) NEGLIGENT INTERFERENCE WITH<br>) PROSPECTIVE ECONOMIC |
| 18  | ) RELATIONS; |
| 19  | ) 6) WRONGFUL TERMINATION IN<br>) VIOLATION OF PUBLIC POLICY; and |
| 20  | ) 7) UNFAIR BUSINESS PRACTICES IN<br>) VIOLATION OF BUSINESS &<br>) PROFESSIONS CODE § 17200 |
| 21  | ) |
| 22  | ) JURY TRIAL DEMANDED |

23

24  Plaintiff MYRNA ARIAS, an individual, alleges:

25                      PARTIES AND JURISDICTION

26      1.      Plaintiff MYRNA ARIAS ("Plaintiff" or "Arias") is, and at all relevant

27  times mentioned was, an individual residing in the State of California, County of Kern.

28

—————————————————————————————————————
        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# FILED BY FAX

1 | She was employed by the Defendants (collectively, "Intermex") from approximately
2 | February 10, 2014 May 5, 2014, as a Sales Executive, Account Manager in Bakersfield.
3 |      2.     Plaintiff is informed and believes and based thereon alleges that
4 | Defendant INTERMEX WIRE TRANSFER, LLC ("Defendant" or "Intermex") is, and at all
5 | times mentioned was, a Florida corporation, doing business in the State of California,
6 | Counties of Kern, Los Angeles, San Bernardino, and Riverside.
7 |      3.     Plaintiff does not know the true names or capacities of the
8 | Defendants sued as DOES 1 through 15, inclusive, and by reason thereof sues these
9 | Defendants under such fictitious names.  When their true names and capacities have
10 | been ascertained, Plaintiff will amend this Complaint to reflect the same.  Plaintiff is
11 | informed and believes and based thereon alleges that such fictitiously named Defendants
12 | were the agents, servants, and employees of each of the named Defendants and, in
13 | doing the acts and things hereinafter alleged, were at all times acting within the course
14 | and scope of said agency, servitude, and employment and with the permission, consent,
15 | and approval, or subsequent ratification, of each of the named Defendants.  Plaintiff
16 | further alleges that Defendants constituted an "integrated enterprise" and "integrated
17 | employers" with interrelated operations, common management, centralized control of
18 | labor relations, and common ownership and/or financial control.  Plaintiff also alleges that
19 | the Defendants were, at all times relevant hereto, the alter egos of each other, and/or the
20 | agents of each other.  Whenever reference is made to Defendants, it is intended to
21 | include all of the named Defendants as well as the DOE Defendants.  Each of the
22 | fictitiously named DOE Defendants is responsible in some manner for the occurrences
23 | alleged and proximately caused Plaintiff's damages.

24 | **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**
25 |      4.     Intermex hired Plaintiff Myrna Arias as a Sales Executive, Account
26 | Manager on February 10, 2014 in Bakersfield.  John Stubits, Regional Vice President of
27 | Sales, recruited Plaintiff to join Intermex while she was working for NetSpend Corporation
28 |

1  ("NetSpend"), where she had been employed for over five years.  Stubits was aware of

2  the high quality of Plaintiff's work from their time working together at NetSpend.

3      5.      As a condition of accepting employment with Intermex, Plaintiff

4  asked to be allowed to continue working at NetSpend for at least three months during the

5  waiting period to become eligible for Intermex's medical insurance benefit.  Mr. Stubits,

6  Plaintiff's supervisor at Intermex, granted permission for Plaintiff to continue working for

7  NetSpend so that she could continue to receive medical benefits from Netspend.  Plaintiff

8  told Stubits that she was having health issues -- she was suffering from a disabling

9  Vitamin B12 deficiency, for which she was in the process of undergoing significant

10  medical treatment under a physicians' supervision.

11      6.      Plaintiff did an excellent job at Intermex.  She met her quotas and

12  received no discipline during her employment.  Plaintiff earned approximately $7,250 per

13  month, including commission, at Intermex.

14      7.      In April 2014, Intermex asked Plaintiff and other employees to

15  download an application ("app") called Xora to their smart phones.  Xora contained a

16  global positioning system ("GPS") function which tracked the exact location of the person

17  possessing the smart phones on which it was installed.  After researching the app and

18  speaking with a trainer from Xora, Plaintiff and her co-workers asked whether Intermex

19  would be monitoring their movements while off duty.  Stubits admitted that employees

20  would be monitored while off duty and bragged that he knew how fast she was driving at

21  specific moments ever since she had installed the app on her phone.  Plaintiff expressed

22  that she had no problem with the app's GPS function during work hours, but she objected

23  to the monitoring of her location during non-work hours and complained to Stubits that

24  this was an invasion of her privacy.  She likened the app to a prisoner's ankle bracelet

25  and informed Stubits that his actions were illegal.  Stubits replied that she should tolerate

26  the illegal intrusion because Intermex was paying Plaintiff more than NetSpend.  He

27  confirmed that she was required to keep her phone's power on "24/7" to answer phone

28

3

1 calls from clients. Stubits scolded Plaintiff when she de-installed the app in late April

2 2014 in order to protect her privacy.

3         8.      On May 5, 2014, within just a few weeks of Plaintiff's objection to the

4 use of the Xora app on privacy grounds, Intermex fired Plaintiff.

5         9.      To add insult to injury, Plaintiff is informed and believes that after

6 Intermex terminated Plaintiff, Robert Lisy, Intermex's President and CEO, telephoned

7 John Nelson, Vice President of NetSpend, and informed Nelson that Plaintiff had been

8 disloyal to NetSpend and was employed by Intermex. As a result of Lisy's intentional and

9 malicious interference with Plaintiff's contract with NetSpend, NetSpend fired Plaintiff

10 promptly. NetSpend specifically cited Lisy's phone call as the reason for the decision to

11 terminate Plaintiff.

12 <center>**FIRST CAUSE OF ACTION**</center>

13 <center>(Invasion of Privacy - Intrusion Into Private Affairs –</center>

14 <center>Against All Defendants and Does 1-10)</center>

15       10.      Plaintiff hereby incorporates by reference each and every allegation

16 contained in the paragraphs above, inclusive as though fully set forth here.

17       11.      Plaintiff's whereabouts and conduct while off duty, was private and

18 highly confidential. A reasonable person would have an interest in maintaining the

19 confidentiality of such information.

20       12.      Plaintiff had a reasonable expectation of privacy in her own conduct

21 and whereabouts while off duty.

22       13.      Defendant's Regional Vice President of Sales, John Stubits,

23 intentionally intruded on Plaintiff's privacy when he monitored Plaintiff's driving behavior

24 and whereabouts on weekends. Plaintiff is unsure to what extent other managers and

25 co-workers intentionally intruded on her privacy.

26       14.      This intrusion would be highly offensive to a reasonable person.

27

28

<center>4</center>

15.    Plaintiff was harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

16.    **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $500,000.00.

17.    **Non-economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

18.    **Exemplary and punitive damages.** Defendants, by their conduct as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of his rights. Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally interfering with her contract with NetSpend. Defendants' conduct was carried out by and ratified by one or more of Defendants' managing agents, and it was willful and oppressive and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

19.    **Ratification.** Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified that conduct.

///

///

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**SECOND CAUSE OF ACTION**

(Retaliation in Violation of Labor Code section 1102.5 –

Against All Defendants and Does 1-20)

20.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

21.     Plaintiff complained to Defendants that Defendants were violating her co-workers' and her rights of privacy by requiring them to download the GPS tracking device -- Xora application -- to their smart phones and intruding into their private affairs in violation of Article I, Section 1 of the California Constitution (right of privacy), Section 637.7 of the Penal Code (prohibiting the use of GPS to track another person), Section 17200 of the California Business and Professions Code (prohibiting employers from engaging in unfair business practices), and California common law.

22.     Plaintiff opposed Defendants' insistence that she keep her telephone with the tracking application with the power on at all times because it improperly invaded her co-workers' and her rights of privacy. Plaintiff voiced to Defendants that she believed this was akin to monitoring her like a criminal. Plaintiff spoke with her co-workers about her opposition to the requirement that the workers use the application after work hours.

23.     By their conduct as set forth above, Defendants retaliated against and terminated Plaintiff for complaining about, protesting with her co-workers, and refusing to participate in activity that would have resulted in a violation of her rights and state or federal constitutions and statutes, including the California Constitution, Article I, Section 1, in violation of California Labor Code § 1102.5(b) and (c).

24.     Plaintiff was harmed by Defendants' conduct, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

25.     **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of

6

1 | $500,000.00.

2 |      26.      **Non-economic damages.** As a direct and legal result of the

3 | conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general

4 | damages including, but not limited to, damage to her reputation, pain and suffering,

5 | humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

6 |      27.      **Exemplary and punitive damages.** Defendants, by their conduct

7 | as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and

8 | unjust hardship, with the intention to cause injury to Plaintiff, and with conscious

9 | disregard of his rights. Defendants occupied a position of trust which gave them power to

10 | damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by

11 | maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally

12 | interfering with her contract with NetSpend. Defendants' conduct was carried out by and

13 | ratified by one or more of Defendants' managing agents, and it was willful and oppressive

14 | and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive

15 | damages in an amount to be proven at trial.

16 |      28.      **Ratification.** Plaintiff is informed and believes and on that basis

17 | alleges that Defendants, and each of them, were at all relevant times aware of the

18 | conduct of each of the other Defendants and approved and ratified that conduct.

19 | <div align="center">**THIRD CAUSE OF ACTION**</div>

20 | <div align="center">Private Attorney General Act</div>

21 | <div align="center">(Violation of California Labor Code § 1102.5 –</div>

22 | <div align="center">Against All Defendants and Does 1-30)</div>

23 |      29.      Plaintiff hereby incorporates by reference each and every allegation

24 | contained in the paragraphs above, inclusive as though fully set forth here.

25 |      30.      Plaintiff, individually and on behalf of the general public, alleges that

26 | on or about May 5, 2015, she provided written notice to the Labor and Workforce

27 | Development Agency ("LWDA") and Defendants of the specific violations of the California

28 |

<div align="center">7</div>

1   Labor Code Defendants have violated and continue to violate.

2         31.      Pursuant to Labor Code section 2699.3(a)(2)(A), if no response is

3   received from the LWDA within 33 days of the postmarked date of the May 5, 2015 letter,

4   or if the LWDA declines to investigate the matter, Plaintiff has exhausted all

5   administrative procedures required of him under Labor Code §§ 2698, 2699 and 2699.3,

6   and, as a result, is justified as a matter of right in bringing forward this cause of action.

7   Plaintiff will amend her complaint in the event the LWDA informs her that it will investigate

8   her claims under the Labor Code.

9         32.      As a result of the acts alleged above, Plaintiff seeks penalties under

10   Labor Code §§ 2698 and 2699 because of Defendants' violations of the provisions of the

11   California Labor Code set forth in this Complaint.

12         33.      Pursuant to California Labor Code § 2699, Plaintiff should be

13   awarded twenty-five percent (25%) of all penalties due under California law, as well as

14   attorneys' fees and costs.

15   **FOURTH CAUSE OF ACTION**

16   (Intentional Interference with Contract –

17   Against All Defendants and Does 1-25)

18         34.      Plaintiff hereby incorporates by reference each and every allegation

19   contained in the paragraphs above, inclusive as though fully set forth here.

20         35.      There was a contract of employment between Plaintiff and

21   NetSpend.

22         36.      Defendant Intermex knew that Plaintiff was employed with

23   NetSpend.

24         37.      Defendant's conduct interfered with Plaintiff's contract with NetSpend

25   by informing NetSpend that Plaintiff was disloyal and that she was employed with

26   Defendant Intermex. Defendant's conduct prevented performance of the contract that

27   Plaintiff had with NetSpend.

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

38.     Defendant intended to disrupt the performance of this contract or knew that disruption of performance was certain or substantially certain to occur.

39.     Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

40.     **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $500,000.00.

41.     **Non-economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

42.     **Exemplary and punitive damages.** Defendants, by their conduct as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of his rights. Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally interfering with her contract with NetSpend. Defendants' conduct was carried out by and ratified by one or more of Defendants' managing agents, and it was willful and oppressive and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

43.     **Ratification.** Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified that conduct.

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**FIFTH CAUSE OF ACTION**

(Negligent Interference with Prospective Economic Relations --

Against All Defendants and Does 1-30)

44.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

45.     Plaintiff and NetSpend were in an economic relationship that probably would have resulted in a future economic benefit to Plaintiff.

46.     Defendant Intermex knew or should have known of this relationship.

47.     Defendant knew or should have known that this relationship would be disrupted if it failed to act with reasonable care.

48.     Defendant failed to act with reasonable care.

49.     Defendant engaged in wrongful, fraudulent and defamatory conduct towards Plaintiff by telling her that she was allowed to work for Intermex and NetSpend at the same time and asserting to NetSpend that she was disloyal to NetSpend and that she was employed by Intermex.

50.     Plaintiff's relationship with NetSpend was disrupted as a direct result of Defendant's conduct - NetSpend terminated Plaintiff's employment relationship with NetSpend.

51.     Plaintiff was harmed, and Defendant's wrongful conduct was a substantial factor in causing Plaintiff's harm.

52.     **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in excess of $500,000.00.

53.     **Non-economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

54.    **Exemplary and punitive damages.**  Defendants, by their conduct as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of his rights.  Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood.  Defendants abused that position of trust by maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally interfering with her contract with NetSpend.  Defendants' conduct was carried out by and ratified by one or more of Defendants' managing agents, and it was willful and oppressive and done in conscious disregard of her rights.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

55.    **Ratification.**   Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified that conduct.

### SIXTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy –

Against All Defendants and Does 1-30)

56.    Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

57.    Plaintiff's termination was in violation of fundamental, basic, and substantial public policies of the State of California, including, but not limited to, section 1102.5 of the California Labor Code, section 17200 of the Business and Professions Code, Article I, Section 1 of the California Constitution, and Section 637.7 of the California Penal Code.

58.    Defendant fired Plaintiff for refusing to abide its requirement that she and her co-workers allow Defendant to monitor their off duty conduct and whereabouts in violation of their rights of privacy.

59.     Plaintiff was harmed as a result of Defendants' conduct, and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

60.     **Economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $500,000.00.

61.     **Non-economic damages.** As a direct and legal result of the conduct of Defendants, and each of them, as set forth above, Plaintiff suffered general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proved at trial.

62.     **Exemplary and punitive damages.** Defendants, by their conduct as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of his rights. Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by maliciously, fraudulently, and oppressively discharging Plaintiff and intentionally interfering with her contract with NetSpend. Defendants' conduct was carried out by and ratified by one or more of Defendants' managing agents, and it was willful and oppressive and done in conscious disregard of her rights. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

63.     **Ratification.** Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified that conduct.

///
///
///
///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### SEVENTH CAUSE OF ACTION

(Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200 -

Against All Defendants and Does 1-30)

64. · ··· Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above, inclusive as though fully set forth here.

65.       Defendants engaged in illegal, unfair business practices in violation of Plaintiff's and her co-workers' rights, as alleged above.

66.       As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and her former co-workers.  Defendants should be required to restore these monies to Plaintiff and her former co-workers.   In the absence of injunctive equitable relief, Plaintiff will suffer irreparable injury, which cannot readily be remedied by damage remedies.  Plaintiff seeks preliminary and permanent injunctive relief against Defendants, including, but not limited to, an order that prohibits Defendants from monitoring their employees' off duty whereabouts and conduct in violation of their rights of privacy.

WHEREFORE, Plaintiff prays for judgment as follows:

AS TO THE SECOND AND THIRD CAUSES OF ACTION:

1.       For reasonable attorney's fees and costs pursuant to the Labor Code and PAGA, Section 2699(g) of the California Labor Code;

AS TO THE SEVENTH CAUSE OF ACTION:

2.       For injunctive relief;

AS TO ALL CAUSES OF ACTION:

3.       For general and special damages, according to proof, with interest thereon at the maximum legal rate from and after May 5, 2014;

4.       For punitive damages;

5.       For costs of suit incurred by Plaintiff; and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1       6.     For such other and further relief as the Court may deem just and

2  proper.

3

4  DATED: May 5, 2015            ALEXANDER KRAKOW + GLICK LLP

5

6

7                                Gail A. Glick

                                Brett C. Beeler

8                                Attorneys for Plaintiff

                                MYRNA ARIAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff hereby demands trial by jury.

4

5    DATED: May 5, 2015              ALEXANDER KRAKOW + GLICK LLP

6

7                                   _____
                                    Gail A. Glick
8                                   Brett C. Beeler
                                    Attorneys for Plaintiff
9                                   MYRNA ARIAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# SUPERIOR COURT OF CALIFORNIA
## METROPOLITAN DIVISION
### 1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301

**PLAINTIFF**
MYRNA ARIAS

**DEFENDANT**
INTERMEX WIRE TRANSFER, LLC, A CORPORATION

FOR COURT USE ONLY

**ENDORSED**
FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

MAY — 6 2015

TERRY McNALLY, CLERK
BY_____DEPUTY

CASE NUMBER: S-1500-CV-284763, SPC

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

YOU ARE ORDERED TO APPEAR ON  Oct. 06, 2015 AT  8:30 AM  IN DEPARTMENT 4 OF THE ABOVE ENTITLED COURT TO GIVE ANY LEGAL REASON WHY SANCTIONS SHALL NOT BE IMPOSED FOR FAILURE TO SERVE THE COMPLAINT ON ALL NAMED DEFENDANTS AND FILE PROOF(S) OF SERVICE WITH THE COURT WITHIN SIXTY (60) DAYS AFTER THE FILING OF THE COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110.  ALL APPEARANCES ARE MANDATORY, UNLESS FIVE (5) COURT DAYS PRIOR TO HEARING DATE THE COURT HAS RECEIVED THE REQUIRED PROOF(S) OF SERVICE, THEN NO APPEARANCE IS NECESSARY.

TERRY McNALLY
Clerk of the Superior Court

DATE: Wednesday, May 06, 2015

By_____**VANESA JACKSON**_____ Deputy
VANESA I JACKSON

# EXHIBIT B

1  MAGGY M. ATHANASIOUS, Bar No. 252137
   mathanasious@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA 90067.3107
4  Telephone:   310.553.0308
   Facsimile:   310.553.5583
5
   Attorneys for Defendant
6  INTERMEX WIRE TRANSFER, L.L.C.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF KERN

10 MYRNA ARIAS, an individual,          Case No. S-1500-CV-284763-SPC

11            Plaintiff,                ASSIGNED FOR ALL PURPOSES TO
                                        JUDGE SIDNEY P. CHAPIN, DEPT. 4
12        v.
                                        DEFENDANT'S ANSWER TO
13 INTERMEX WIRE TRANSFER, LLC, a       PLAINTIFF'S FIRST AMENDED
   corporation, and DOES 1 through 10,  COMPLAINT
14 inclusive,
                                        Complaint Filed: May 5, 2015
15            Defendants.               First Amended Complaint Filed: June 16, 2015

16

17

18        Defendant Intermex Wire Transfer, L.L.C. answers the unverified First Amended Complaint

19 ("FAC") of Plaintiff Myrna Arias as follows:

20                          GENERAL DENIAL

21        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Intermex denies,

22 both generally and specifically, singularly and collectively, each and every allegation and cause of

23 action contained in the FAC, and the whole thereof.  Intermex further denies that Plaintiff was

24 harmed or damaged in any way, and it denies that she is entitled to relief of any kind.

25                       AFFIRMATIVE DEFENSES

26        AS AND FOR ITS AFFIRMATIVE DEFENSES TO THE CLAIMS CONTAINED IN THE

27 FAC, AND WITHOUT WAIVING OR EXCUSING THE BURDEN OF PROOF OF PLAINTIFF

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

_____
         ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OR ADMITTING THAT INTERMEX HAS ANY BURDEN OF PROOF, INTERMEX ASSERTS THE FOLLOWING DEFENSES:

1.     As a first, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's FAC fails to state any claim upon which relief can be granted.

2.     As a second, separate, and affirmative defense to the FAC, Intermex is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of consent insofar as she consented to the use of the Xora application on her company-provided cellular phone.

3.     As a third, separate, and affirmative defense to the FAC, Intermex is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of unclean hands insofar as Plaintiff, without Intermex's knowledge or consent, simultaneously held two full-time positions of employment while working for Intermex and thereby failed to abide by its conflict of interest policy.

4.     As a fourth, separate, and affirmative defense to the FAC, Intermex is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of estoppel insofar as Plaintiff is estopped from claiming that Intermex violated its policy when she was instructed and trained to turn off the Xora application during non-working hours.

5.     As a fifth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(a), and 343; California Labor Code section 98.7(a); and California Business and Professions Code section 17208. *Moore v. Genesco, Inc.*, 2006 U.S. Dist. LEXIS 71115, *7 (N.D. Cal. Sept. 20, 2006)(citing California Code of Civil Procedures section 340(a) in determining that "the statute of limitations for statutory civil penalties under PAGA is one year").

6.     As a sixth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's claims may be foreclosed and her damages may be limited by the after-acquired evidence doctrine.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

7.    As a seventh, separate, and affirmative defense to the FAC, Intermex is informed and believes that Plaintiff failed to exercise due diligence to mitigate alleged losses, injuries, or damages, and, as a result, the amount of damages to which Plaintiff may be entitled, if any, should be reduced by the amount of damages that could otherwise have been mitigated.

8.    As an eighth, separate, and affirmative defense to the FAC, Intermex alleges that all employment decisions regarding or affecting Plaintiff were based upon legitimate, nonretaliatory, good-faith, and reasonable business considerations that were consistent with applicable law and were in no way based on any unlawful factors and instead based on Plaintiff's violation of company policies.

9.    As a ninth, separate, and affirmative defense to the FAC, Intermex alleges that if any improper, illegal, or retaliatory act was taken by any employee of Intermex against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Intermex's policies, and was not ratified, confirmed, or approved by Intermex.  Thus, any such actions cannot be attributed or imputed to Intermex.

10.    As a tenth, separate, and affirmative defense to the FAC, Intermex alleges that if Plaintiff is able to show that any retaliation occurred, which Intermex denies, it reserves the right to assert a mixed-motive defense.

11.    As an eleventh, separate, and affirmative defense to the FAC, Intermex alleges that it has in place clear and well-disseminated policies against retaliation and reasonable and available procedures for handling complaints thereof, which provide for prompt and effective responsive action.  Thus, Plaintiff's claims are barred, in whole or in part, because (1) Intermex took reasonable steps to prevent and correct retaliation; (2) Plaintiff unreasonably failed to use or take timely advantage of the preventive and corrective measures that Intermex provided or to otherwise avoid harm; and (3) reasonable use of Intermex's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

12.    As a twelfth, separate, and affirmative defense to the FAC, Intermex alleges that the claims of Plaintiff are barred and/or mitigated by the doctrine of avoidable consequences established by *State Dept. of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0305

3.

13.     As a thirteenth, separate, and affirmative defense to the FAC, Intermex alleges that, to the extent Plaintiff seeks the imposition of multiple penalties, damages, recoveries, and/or exemplary damages for the same basic wrongs, those claims are unconstitutional in that such relief violates the due process clauses of the Constitutions of the United States and the State of California.

14.     As a fourteenth, separate, and affirmative defense to the FAC, Intermex alleges that any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

15.     As a fifteenth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits received by Plaintiff and by any damages caused by Plaintiff to Intermex.

16.     As a sixteenth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's claim for punitive damages must be denied because Intermex did not willfully violate any law with respect to its treatment of Plaintiff, and any actions taken by Intermex regarding Plaintiff were taken in good faith, in accordance with its internal policies on retaliation, and were not taken wantonly, with malice, in bad faith, and/or with reckless indifference to Plaintiff's protected rights.

17.     As a seventeenth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's claims are preempted by the exclusivity provisions of the California Workers' Compensation Act, California Labor Code § 3200 *et seq.*, as is her request for a remedy for any alleged mental, emotional, or physical injuries, illnesses, or disabilities.

18.     As an eighteenth, separate, and affirmative defense to the FAC, Intermex alleges that the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce and any award of punitive damages will violate the due process clauses of the United States Constitution and California Constitution.

19.     As a nineteenth, separate, and affirmative defense to the FAC, Intermex is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff's claims are barred by her own breach of the duties owed to Intermex under California Labor Code §§ 2851, 2854, 2856, 2857, 2858, 2859, and 2863.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

20.    As a twentieth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's invasion of privacy claims fail because she did not have a reasonable, legally-protected privacy expectation or interest insofar as she consented to use of the Xora application on her company-provided cellular phone during working hours and was not required to keep the application activated during non-working hours. As such, Plaintiff waived any expectation of privacy.

21.    As a twenty-first, separate, and affirmative defense to the FAC, Intermex alleges that its use of the Xora application was justified, served a compelling and legitimate business interest, and substantially furthered a legitimate competing or countervailing interest by tracking the mileage of its Sales Executives and plotting out the most efficient route for them to visit agents and potential agents, and Intermex did not have any less intrusive means to serve the competing or countervailing interests.

22.    As a twenty-second, separate, and affirmative defense to the FAC, Intermex alleges that it did not invade Plaintiff's privacy, as she only activated the Xora application for a short period of time, a matter of a couple of days, and Intermex never tracked her movements during non-working hours.

23.    As a twenty-third, separate, and affirmative defense to the FAC, Intermex alleges that any conduct constituting an alleged invasion of privacy would not be considered highly offensive by a reasonable person, nor was any such violation a serious intrusion.

24.    As a twenty-fourth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff cannot maintain a cause of action for invasion of privacy under California Penal Code sections 637.2 and 637.7 because she has not suffered actual injury.

25.    As a twenty-fifth, separate, and affirmative defense to the FAC, Intermex alleges that California's Business and Professions Code, section 17200 *et seq.*, is unconstitutionally vague and overbroad and the manner in which Plaintiffs allege that said statutes apply to Intermex's business practices constitutes a violation of its rights to due process.

26.    As a twenty-sixth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff is not entitled to recover the equitable relief she seeks because an adequate remedy at law exists. Furthermore, Plaintiff has not alleged, and cannot prove, any immediate irreparable injury.

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

27.     As a twenty-seventh, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's employment relationship with Intermex was terminable at the will of either Plaintiff or Intermex pursuant to California Labor Code section 2922.

28.     As a twenty-eighth, separate, and affirmative defense to the FAC, Intermex alleges that all actions taken by it and communications made by it relating to Plaintiff were privileged (including, but not limited to, under California Civil Code section 47), justified, truthful, made for legitimate business reasons, and protected by its constitutional right to free speech.

29.     As a twenty-ninth, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's FAC and the causes of action therein are barred because Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence, and any alleged injuries and damages, if any in fact were suffered, were proximately caused and/or contributed to by Plaintiff's own conduct, inactions, behavior, and/or negligence.

30.     As a thirtieth, separate, and affirmative defense to the FAC, Intermex alleges that any conduct by its managers was protected by the managerial privilege and that all actions by any such managers that are alleged to have adversely affected Plaintiff were undertaken and exercised with proper managerial discretion and justified by legitimate and substantial business reasons.

31.     As a thirty-first, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's claims under California Labor Code section 1102.5 are barred because Plaintiff cannot show she engaged in any activity protected by California Labor Code section 1102.5, and her wrongful discharge claim is likewise barred because she did not engage in any activity protected by a public policy.

32.     As a thirty-second, separate, and affirmative defense to the FAC, Intermex alleges that Plaintiff's claims under California Labor Code section 1102.5 are barred to the extent Plaintiff failed to timely invoke and/or fully exhaust administrative remedies available to her as required by a litigant seeking damages under Labor Code section 1102.5. *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311, 333-334 (2005).

33.     As a thirty-third, separate, and affirmative defense to the FAC, Intermex alleges that the Private Attorneys General Act, Labor Code section 2699 *et seq.* ("PAGA"), is unconstitutionally

6.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310 553.0308

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   vague and overbroad as applied to the facts and circumstances of this case and deprives Intermex of

2   its due process rights.

3       34.     As a thirty-fourth, separate, and affirmative defense to the FAC, Intermex alleges that

4   Plaintiffs failed to exhaust the notice and other administrative requirements set out in PAGA,

5   including, but not limited to, California Labor Code section 2699.3(c).

6       35.     As a thirty-fifth, separate, and affirmative defense to the FAC, Intermex alleges that

7   Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because she is not

8   an "aggrieved employee," pursuant to PAGA.

9       36.     As a thirty-sixth, separate, and affirmative defense to the FAC, Intermex alleges that,

10  to the extent Plaintiff seeks civil or statutory penalties, such claims violate the Fifth and Eighth

11  Amendments of the United States Constitution and also violate Article 1, sections 17 and 8 of the

12  California Constitution, including the prohibition against excessive fines.

13      37.     As a thirty-seventh, separate, and affirmative defense to the FAC, Intermex alleges

14  that the imposition of replicating individual penalties would deprive Intermex of its fundamental

15  constitutional rights to due process under the Fourteenth Amendment of the United States

16  Constitution and under the Constitution and laws of the State of California.

17      38.     As a thirty-eighth, separate, and affirmative defense to the FAC, Intermex alleges that

18  Plaintiff lacks standing to bring claims for civil penalties on behalf of other allegedly "aggrieved

19  employees" because she has failed to adequately identify them pursuant to the PAGA.

20      39.     As a thirty-ninth, separate, and affirmative defense to the FAC, Intermex alleges that

21  Plaintiff's cause of action based upon the PAGA is unconstitutional on the basis that it violates the

22  separation of powers doctrine by empowering private attorneys to prosecute public claims, thereby

23  impairing the judiciary's inherent power to regulate attorney conduct.

24      40.     As a fortieth, separate, and affirmative defense to the FAC, Intermex alleges that any

25  alleged interference with Plaintiff's contractual or prospective economic relations was unintentional,

26  without reckless disregard, and without malice.

27      41.     As a forty-first, separate, and affirmative defense to the FAC, Intermex alleges that

28  Plaintiff cannot maintain a cause of action for intentional or negligent interference with contract or

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

1  prospective economic relations against Intermex because the alleged interference, if any, was

2  justified, for good reason, and privileged under the circumstances, and that any alleged conduct on

3  Intermex's part was within their corporate capacity and was for the purpose of protecting legitimate

4  company interests.

5       42.    As a forty-second, separate, and affirmative defense to the FAC, Intermex alleges that

6  Plaintiff's claim for wrongful termination in violation of public policy is barred to the extent it is

7  based on statutes, regulations, or other laws that fail to supply the requisite substantial, fundamental,

8  and articulated public policy on which such claims must be predicated and because Plaintiff's

9  termination did not violate any public policy.

10                               **ADDITIONAL AFFIRMATIVE DEFENSES**

11       Intermex alleges that the FAC does not describe the claims or facts being alleged with

12  sufficient particularity to permit Intermex to ascertain what other defenses may exist.  Intermex will

13  rely on any and all further defenses that become available or appear during discovery in this action

14  and specifically reserves its right to amend this answer for purposes of asserting such additional

15  affirmative defenses.

16       WHEREFORE, Intermex prays as follows:

17             1.     That Plaintiff take nothing by her First Amended Complaint;

18             2.     That judgment be entered in favor of Intermex and that Plaintiff's First

19  Amended Compliant be dismissed in its entirety with prejudice;

20             3.     That Intermex recovers its costs and expenses incurred herein; and

21             4.     For such other and further relief as the Court deems just and proper.

22  Dated: July 15, 2015

23

24  MAGGY M. ATHANASIOUS

25  LITTLER MENDELSON, P.C.
   Attorney for Defendant

26  INTERMEX WIRE TRANSFER, L.L.C.

27

28

Firmwide:134490074.1 078472.1005

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

8.

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On July 15, 2015, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to _____ for delivery to the address below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is bgreen@littler.com.

Gail A. Glick, Esq.
Brett C. Beeler, Esq.
Alexander Krakow & Glick, LLP
401 Wilshire Blvd., Ste. 1000
Santa Monica, CA 90401
Telephone: 310.394.0888
Facsimile: 310.394.0811
gglick@akgllp.com
bbeeler@akgllp.com

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1        I am readily familiar with the firm's practice of collection and processing

2  correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

3  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

5  thereon fully prepaid in the ordinary course of business.

6        I declare under penalty of perjury under the laws of the State of California that the

7  above is true and correct.  Executed on July 15, 2015, at Los Angeles, California.

                                      Maria Lozano

Firmwide:134731021.1 078472.1005

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

PROOF OF SERVICE

# EXHIBIT C



**ALEXANDER
KRAKOW +
GLICK** ₅

August 5, 2014

Employee Justice.

## CONFIDENTIAL SETTLEMENT COMMUNICATION
## VIA ELECTRONIC AND FIRST CLASS MAIL

Mr. Robert Lisy
President and CEO
Intermex Wire Transfer, LLC
9480 South Dixie Highway
Miami, Florida 33156

Re:   Myrna Arias/Intermex Wire Transfer, LLC and Robert Lisy

Dear Mr. Lisy:

**This letter is intended as a privileged settlement communication protected
from disclosure by Sections 1152 and 1154 of the California Evidence Code and
Rule 403 of the Federal Rules of Evidence.**

This office represents Myrna Arias in connection with the recent termination of
her employment from Intermex Wire Transfer, LLC ("Intermex").  We believe
Intermex has retaliated against Ms. Arias in violation of Section 1102.5 of the
California Labor Code.  Intermex's conduct also gives rise to common law claims
of wrongful termination in violation of public policy, intentional interference
with contract, and unfair business practices under Section 17200 of the
California Business and Professions Code.

### Summary of Facts

Intermex hired Myrna Arias as a Sales Executive, Account Manager on February
10, 2014.  John Stubits, Regional VP of Sales, recruited Ms. Arias to join Intermex
while she was working for NetSpend Corporation ("NetSpend"), where she had
been employed for over five years.  Mr. Stubits was aware of the high quality of
Ms. Arias's work from their time working together at NetSpend.  Mr. Stubits, Ms.
Arias's supervisor at Intermex, granted permission for Ms. Arias to continue

401 Wilshire Boulevard
Suite 1000
Santa Monica
California 90401

T : 310.394.0888
F : 310.394.0811
www.akgllp.com



**ALEXANDER KRAKOW + GLICK ʟ**

Employee Justice.

working for NetSpend so that she could continue to receive medical benefits from Netspend, as she suffered from a disabling Vitamin B12 deficiency, for which she was in the process of undergoing significant medical treatment under physicians' supervision.

Ms. Arias did an excellent job at Intermex.  She met her quotas and received no discipline during her employment.  Ms. Arias earned approximately $7,250 per month, including commission, at Intermex.

In April 2014, Intermex asked Ms. Arias and other employees to download an application ("app") called Xora to their smart phones.  Xora contained a global positioning system ("GPS") function which tracked the exact location of the smart phones on which it was installed.  After researching the app and speaking with a trainer from Xora, Ms. Arias and her co-workers asked whether Intermex would be monitoring their movements while off duty.  Mr. Stubits admitted that employees would be monitored while off duty and bragged that he knew how fast she was driving at specific moments ever since she had installed the app on her phone.  Ms. Arias expressed that she was okay with the app's GPS function during work hours, but she objected to the monitoring of her location during non-work hours and complained to Mr. Stubits that this was an invasion of her privacy.  She likened the app to a prisoner's ankle bracelet and informed Mr. Stubits that his actions were illegal.  Mr. Stubits replied that she should tolerate the illegal intrusion because Intermex was paying Ms. Arias more than NetSpend.  He confirmed that she was required to keep her phone's power on "24/7" to answer phone calls from clients.  Mr. Stubits scolded Ms. Arias when she de-installed the app in late April 2014 in order to protect her privacy.

On May 5, 2014, within just a few weeks of her objection to the use of the Xora app on privacy grounds, Intermex fired Ms. Arias.

To add insult to injury, after Intermex terminated Ms. Arias, you telephoned John Nelson, Vice President of NetSpend, and informed him that Ms. Arias had been disloyal to NetSpend in working for Intermex for the past few months, while maintaining her employment at NetSpend.  As a result of your intentional interference, NetSpend fired Ms. Arias promptly, and it specifically cited your phone call as the reason for the decision to terminate her.

2

Employee Justice.

**Legal Claims**

These facts give rise to claims of retaliation in violation of California Labor Code Section 1102.5, as well as common law claims of intentional interference with contract, wrongful termination in violation of public policy, and unfair business practices under Section 17200 of the California Business and Professions Code.

Among other things, the common law wrongful termination claim is supported by Section 1102.5 of the Labor Code, Section 17200 of the Business & Professions Code, Article 1, Section 1 of the California Constitution, and Section 637.7 of the California Penal Code.[1]

If we were to litigate this case in court, the temporal proximity between Ms. Arias asserting her right to privacy and her termination is strong circumstantial evidence of retaliatory bias. See California Fair Emp't & Hous. Comm'n v. Gemini Aluminum Corp., 122 Cal. App. 4th 1004, 1023 (2004); Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 615 (1989). Intermex fired Ms. Arias fewer than two weeks after her complaints about the GPS app's invasion of her privacy. Your actions of calling NetSpend to inform it of Ms. Arias's employment at your company is further evidence of intentional retaliation.

Intermex is liable not only for Ms. Arias's lost wages from working at Intermex, but also from working at NetSpend, due to your intentional, tortious interference with Ms. Arias's employment at NetSpend.

Although punitive damages are rarely a serious threat in many employment lawsuits, because Mr. Stubits and you were key players in Intermex's decision to wrongfully terminate Ms. Arias, and you personally called NetSpend to intentionally ruin Ms. Arias's continued employment there, we are confident that punitive damages will be warranted in this case.

**Damages**

The injury that Ms. Arias has suffered as a result of your and Intermex's conduct entitles Ms. Arias to economic damages, emotional distress damages, and punitive damages. Ms. Arias will recover her attorney's fees, as well, if she were

---

[1] Article 1, Section 1 confirms Ms. Arias's right of privacy, Section 637.7 of the Penal Code prohibits the use of GPS to track another person, Section 1102.5 of the Labor Code prohibits retaliation in employment, and Section 17200 of the Business & Professions Code prohibits employers from engaging in unfair business practices.



**ALEXANDER KRAKOW + GLICK**

to pursue her claims under our anti-retaliation laws in court. Cal. Lab. Code § 2698, et seq. ("PAGA").

The following is a conservative breakdown of Ms. Arias's potential damages, fees, and costs at trial, and Intermex's likely costs and fees, if she were to proceed with a lawsuit:

| Description | Dollar Amount |
|---|---|
| 3 Years' Lost Salary and Commission at Intermex ($7,250/month) | $261,000 |
| 3 Years' Benefits (25% of salary) | $62,250 |
| 2 Years' Lost Salary and Commission at NetSpend ($6,000/month) | $144,000 |
| 2 Years' Benefits (25% of salary) | $36,000 |
| Punitive Damages for Mr. Lisy's malicious, oppressive, or fraudulent conduct towards Ms. Arias[2] | $500,000 |
| Ms. Arias's Attorney Fees and Costs | $500,000 |
| Intermex's Attorney Fees and Costs | $500,000 |
| **TOTAL:** | **$2,003,250.00** |

**Settlement Negotiation Proposal**

Before we pursue a potentially protracted litigation of Ms. Arias's claims, we are contacting you to give the parties an opportunity to resolve this dispute without the assistance of the courts. If Intermex is interested in discussing a settlement of this matter through informal negotiation or a more formal mediation process, I invite you (or your counsel) to contact me promptly.

---

[2] Punitive damage liability is imposed by the jury based on its assessment of the current profits of the Company, tempered by the amount of the underlying compensatory damage verdict awarded by the jury. The California Supreme Court has held constitutional punitive damage awards that are on a one-to-one ratio with the compensatory damage awards. Roby v. McKesson Corp., 47 Cal. 4th 686, 770 (2009).

Employee Justice.



**Conclusion**

Both Ms. Arias and I are hopeful that this matter can be resolved informally.  If we do not hear from you in response to this letter by August 19, 2014, however, we will not hesitate to move forward with her claims before the appropriate agencies and courts.

Very truly yours,

Gail A. Glick
Alexander Krakow + Glick LLP

cc:     Ms. Myrna Arias



5

# EXHIBIT 2

1  MAGGY M. ATHANASIOUS, Bar No. 252137
   mathanasious@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA  90067.3107
4  Telephone:  310.553.0308
   Facsimile:   310.553.5583
5
   Attorney for Defendant
6  INTERMEX WIRE TRANSFER, L.L.C.

7

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10  MYRNA ARIAS, an individual,          Case No.  15-603

11                Plaintiff,             **DECLARATION OF DARRELL J.
                                         EBBERT IN SUPPORT OF NOTICE
12  v.                                   TO FEDERAL COURT OF
                                         REMOVAL OF CIVIL ACTION
13  INTERMEX WIRE TRANSFER, LLC,         FROM STATE COURT**
    a corporation, and DOES 1 through 30,
14  inclusive,

15                Defendants.

16

17

18     I, Darrell J. Ebbert, declare:

19     1.     I am the Chief Financial Officer of Intermex Wire Transfer, L.L.C.  I

20  have held this position since 2001.  In my role as CFO, I have personal knowledge of

21  the facts set forth herein and, if called as a witness, I could and would testify

    competently to the truth of such matters.
22
       2.     The sole member of Intermex Wire Transfer, L.L.C. – a Florida limited
23
    liability company headquartered in Miami, Florida – is Intermex Holdings, Inc.
24
       3.     Intermex Holdings, Inc. was, at the time Plaintiff filed her Complaint and
25
    First Amended Complaint, and remains a corporation duly organized and validly
26
    existing under and pursuant to the laws of Delaware, and it is headquartered in Miami,
27
    Florida.     Intermex Holdings, Inc. performs the majority of its executive and
28

administrative functions at its corporate headquarters located in Miami.   Its headquarters is the place where Intermex Holdings, Inc.'s officers direct, control, and coordinate the corporation's activities.

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:   July _16_, 2015

DARRELL J. EBBERT

Firmwide:134492370.1 078472.1005

DECLARATION OF DARRELL J. EBBERT

2.